979 So.2d 409 (2008)
Gregory PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2062.
District Court of Appeal of Florida, First District.
April 23, 2008.
*410 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General; Jennifer J. Moore, Assistant Attorney General; and Trisha Meggs Pate, Bureau Chief of Criminal Appeals, Tallahassee, for Appellee.
ROBERTS, J.
The appellant, Gregory Perkins, appeals his conviction for possession of cocaine. In the trial court, the appellant filed a motion to suppress the evidence, specifically the powder cocaine, seized from his pocket by Officer Register. The trial court, relying upon the "plain-feel" doctrine, denied the appellant's motion. The appellant subsequently pled nolo contendere, reserving his right to appeal the trial court's denial of his motion. On appeal, the appellant argues that the "plain-feel" doctrine did not apply. We agree and reverse.
At the suppression hearing, Officer Register testified to the following facts. During a traffic stop, on opening the vehicle's passenger door to advise the appellant that the vehicle was going to be searched incident to another passenger's arrest, he observed a pocketknife in the front pocket of the appellant's jeans. He asked the appellant twice not to put his hands in his pocket, but the appellant did not comply. After pulling the appellant's hand out of his pocket the second time, Officer Register realized that the appellant was possibly trying to conceal another object in his pocket. At that point, he conducted a pat-down on the appellant for other weapons.
As he was removing the pocketknife, Officer Register felt another object in the appellant's pocket. He put his hand back on top of the object and ran the tips of his fingers over the edge of the object and could feel that it was a square object, like a folded up piece of paper. He then ran his finger tips back over the object, down its side, and could feel a large lump in the middle. Based on his experience, he believed it was a lump of powder cocaine or some other kind of narcotic. When he removed the object from the appellant's pocket, it was a folded up dollar bill with *411 less than one gram of powder cocaine wrapped inside.
"A trial court's ruling on a motion to suppress comes to us clothed with a presumption of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Connor v. State, 803 So.2d 598, 605 (Fla.2001) (quoting Murray v. State, 692 So.2d 157, 159 (Fla.1997)). Nevertheless, "mixed questions of law and fact that ultimately determine constitutional rights should be reviewed by appellate courts using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue." Id.
To validate the warrantless search of the appellant and seizure of the folded dollar bill, the State had the burden to prove that it fell into one of the recognized exceptions to the constitutional warrant requirement. See E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004). The exception pertinent to this analysis is the "plain-feel" doctrine as announced by the United States Supreme Court in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
In Dickerson, during a pat-down for weapons, the officer felt a small lump in the front pocket of Dickerson's nylon jacket. Id. at 369, 113 S.Ct. 2130. After examining the lump with his fingers, the officer believed it was a lump of crack cocaine wrapped in cellophane. Id. The officer reached into the pocket and removed a small plastic bag containing one-fifth of one gram of crack cocaine. Id. Dickerson was arrested and charged with possession of a controlled substance. Id. He moved to suppress the cocaine, but the trial court denied his motion, stating in part that "[t]he sense of touch, grounded in experience and training, is as reliable as perceptions drawn from other senses. `Plain feel,' therefore, is no different than plain view and will equally support the seizure here." Id. at 369-70, 113 S.Ct. 2130. The case proceeded to trial and Dickerson was convicted.
The Minnesota Court of Appeals reversed Dickerson's conviction, finding that the officer overstepped the bounds allowed by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), in seizing the cocaine. Dickerson, 508 U.S. at 370, 113 S.Ct. 2130. In doing so, the court declined to adopt the "plain-feel" exception to the warrant requirement. Id. The Minnesota Supreme Court agreed and affirmed. Id. The court noted that, even if it were to recognize such an exception, the search would not qualify because the officer ascertained that the lump in Dickerson's pocket was contraband only after probing and investigating what he certainly knew was not a weapon. Id. at 371, 113 S.Ct. 2130.
The United States Supreme Court accepted certiorari to resolve the conflict between state and federal courts on whether there was a "plain-feel" exception to the warrant requirement and affirmed. Id. at 371, 113 S.Ct. 2130. Unlike the Minnesota Court of Appeals and the Minnesota Supreme Court, the Court recognized the "plain-feel" exception to the warrant requirement. The Court explained that, under the "plain-feel" doctrine, "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons." Id. at 375-76, 113 S.Ct. 2130. Thus, "if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the *412 plain-view context." Id. Applying the doctrine to the facts of the case, the Court reasoned that, after he determined that the pocket did not contain any weapons, the officer's continued exploration of Dickerson's pocket exceeded the scope of the search permitted by Terry. Id. at 378, 113 S.Ct. 2130. Because the incriminating nature of the object was not "immediately apparent" to the officer, who had to conduct a further search in order to determine it was, in fact, contraband, the Court held that the officer's seizure of the contraband violated the Fourth Amendment. Id.
Similarly, in the instant case, it was only after Officer Register's further search of the appellant's pocket, when he examined the object by running the tips of his fingers over it, that he determined that the lump was, in fact, contraband. Therefore, the "plain-feel" doctrine did not apply and did not validate Officer Register's search of the appellant's pocket and his seizure of the object.
Accordingly, we reverse the appellant's conviction for possession of cocaine and remand with instructions to the trial court to grant his motion to suppress.
REVERSED and REMANDED with instructions.
BARFIELD and POLSTON, JJ., concur.