997 So.2d 1258 (2009)
William D. STEADMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-37.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
*1259 Brian F. Duckworth of Brian F. Duckworth, P.A., Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
William Steadman appeals the denial of his motion to suppress. We reverse because the State failed to justify a search under the "plain-feel" doctrine.
Steadman was a passenger in a car involved in a hit-and-run accident. Fortuitously, at least for the owners of the vehicle struck, deputies with the Orange County Sheriff's Office observed the accident, pursued and stopped the offenders. After the stop, Deputy Baker observed an occupant bending down and apparently hiding items within the car. While his partner dealt with the driver, Deputy Baker ordered Steadman out of the vehicle and placed him in handcuffs. The deputy conducted a pat-down and found a baggie with over 20 grams of cannabis.
Deputy Baker was the only witness called at the hearing on the motion to suppress. Almost no background information was adduced other than he had been a member of the sheriff's office for over six years and was assigned to a juvenile arrest unit. No information was elicited as to his knowledge and experience in the area of drug detection. Deputy Baker described the pat-down: "[T]here was a bag with something inside. It was crumpled up inside a plastic bag I can feel." After being interrupted by the prosecutor, he continued, stating, "it wasn't money, it wasn't cigarettes, it wasn't a specific item, it was something ofa large item. So at that time I reached inside his pocket and discovered what it was." He testified that he initially thought it was some type of pills "or something" that was illegal contraband. Based on this testimony, the trial court denied the motion to suppress under the "plain-feel" doctrine.
The "plain-feel" doctrine addresses the ability of the police to seize non-threatening contraband detected during the course of a Terry search. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
[When a] police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
Id. at 375-76, 113 S.Ct. 2130.
In Dickerson, the defendant was observed leaving a building known for drug sales. Upon seeing the police, Dickerson turned and began walking away. Based *1260 upon his evasive actions and the fact that he was seen leaving a "crack house," the officers stopped Dickerson to investigate further. Dickerson's pat-down yielded no weapons. During the pat-down, however, the officer felt a small lump in Dickerson's front pocket. The officer testified, "I examined it with my fingers and it slid and it felt to be a lump of crack cocaine in cellophane." Id. at 368, 113 S.Ct. 2130. Because the officer did not immediately recognize the lump in Dickerson's jacket to be cocaine, but instead determined it was cocaine only after he squeezed, slid, and otherwise manipulated the item, he had exceeded the bounds of Terry. Thus, a unanimous Supreme Court, while resolving a conflict among the state and federal courts over whether contraband detected through the sense of touch during a pat-down search was admissible, affirmed the state court's suppression of the evidence seized from Dickerson.
In the instant case, the deputy was justified in conducting a pat-down of Steadman. The vehicle had just been involved in a hit-and-run accident and the occupant's furtive movements as well as attempts to conceal items within the car justified the initial pat-down. See Dewberry v. State, 905 So.2d 963 (Fla. 5th DCA 2005). However, during the course of the pat-down the deputy did not immediately recognize the items in Steadman's pocket as contraband. Instead, he needed to extract the baggie to "discover" what it contained. This runs afoul of the dictates of Dickerson. See also Perkins v. State, 979 So.2d 409 (Fla. 1st DCA 2008).
REVERSED.
PALMER, C.J., and MONACO, J., concur.